# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION AS TRUSTEE FOR THE BENEFIT OF THE SEASONED CREDIT RISK TRANSFER TRUST, SERIES 2019-4,<br><br>   Plaintiff,<br><br>v.<br><br>STERLIN H. MURRIEL, A/K/A STERLING H. MURRIEL, *et al.*,<br><br>   Defendants. | Civil Action No. 22-cv-02567-LKG<br><br>Dated:  July 26, 2023 |

## MEMORANDUM OPINION

**I.     INTRODUCTION**

In this civil action, Plaintiff, Federal Home Loan Mortgage Corporation as Trustee for the benefit of the Seasoned Credit Risk Transfer Trust, Series 2019-4 ("Freddie Mac"), brings claims for reformation of a deed and declaratory judgment against Defendants, Sterlin H. Murriel aka Sterling H. Murriel ("Sterlin") and Sterlin H. Murriel aka Sterling H. Murriel, As Successor Trustee for the Willie H. Murriel and Audrey L. Murriel Trust ("Sterlin Murriel, as Trustee"). ECF No. 1.  Freddie Mac has filed a motion for default judgment, pursuant to Fed. R. Civ. P. 55(b).  ECF No. 12.  Defendants have not responded to the motion and the time for doing so has passed.  *See* L.R. 105.2.  No hearing is necessary to resolve the motion.  *See* L.R. 105.6.  For the reasons that follow, the Court **GRANTS** Freddie Mac's motion for default judgment.

**II.   BACKGROND**[1]

Freddie Mac brings this action for reformation and declaratory judgment to clarify its rights under a deed of trust on the real property known as 4701 Post Road, Baltimore, Maryland 21215 (the "Property").  ECF No. 1 ¶ 1.  As of January 5, 1975, Willie H. Murriel and Audrey L. Murriel owned the Property as tenants by the entireties.  *Id.* ¶ 7; *see* ECF No. 1-1.

On January 5, 1975, the Murriels executed a Declaration of Trust (the "Declaration of Trust"), which created a trust (the "Trust") for the benefit of their son, Sterlin Murriel.[2]  ECF No. 1 ¶ 8; *see* ECF No. 1-2.  On January 5, 1975, the Murriels also conveyed the Property to the Trust *via* a quitclaim deed.  ECF No. 1 ¶ 10; *see* ECF No. 1-3.

On June 15, 1988, Audrey Murriel died, making Willie Murriel the Sole Trustee of the Trust.  ECF No. 1 ¶ 11; *see* ECF No. 1-2 § 5.  On October 22, 1997, Willie Murriel attempted to convey the Property from the Trust to himself and Sterlin Murriel, as joint tenants *via* a deed (the "Vesting Deed").  ECF No. 1 ¶ 12; *see* ECF No. 1-4.  But, Willie Murriel mistakenly signed the Vesting Deed in his individual capacity, rather than as the Sole Trustee of the Trust.  *See* ECF No. 1-4.  And so, the Property was not properly conveyed to Willie Murriel and Sterlin Murriel.  *See id.*

On March 23, 2007, Willie Murriel and Sterlin Murriel obtained a loan of $101,500 from Bank of America, N.A. and, as security, executed a deed of trust (the "Bank of America DOT"), which was intended to create a lien against the Property.  *Id.* ¶ 15; *see* ECF No. 1-5.

On January 15, 2015, Willie Murriel died, making Sterlin Murriel the Sole Trustee of the Trust.  ECF No. 1 ¶ 17; *see* ECF No. 1-2 § 5.  By Willie Murriel's Last Will and Testament, he bequeathed his interest in the Property to Sterlin Murriel.  ECF No. 1 ¶ 18; *see* ECF No. 1-6 § 3.01.

Freddie Mac currently holds the Bank of America DOT and the underlying note.  ECF No. 1 ¶ 19; *see* ECF No. 1-7.  Freddie Mac maintains that the error in the Vesting Deed—Willie

---

[1] The facts recited in this memorandum opinion are taken from the complaint and Plaintiff's motion for default judgment. ECF Nos. 1, 17.

[2] Plaintiff has informed the Court that the Declaration of Trust misspells the name as Sterling.  ECF No. 1 at n. 1; ECF No. 17 n. 2.

2

Murriel's mistaken signature in his individual capacity, rather than as the Sole Trustee of the Trust—renders its rights uncertain as to the Property and the validity of its lien. *See* ECF No. 1 ¶¶ 26-27.

On October 6, 2022, Freddie Mac brought this action against Defendants to clarify its rights under the Bank of America DOT. *See generally*, ECF No. 1. Specifically, Freddie Mac seeks reformation of the Vesting Deed, so that the grantor is Willie H. Murriel as Sole Trustee of the Trust, and a declaratory judgment declaring that: (1) the Trust dissolved when Sterlin Murriel became both the beneficiary and Successor Trustee of the Trust; (2) Sterlin Murriel is the sole fee simple owner of the Property; and (3) that the Bank of America DOT is valid and enforceable. *See id.* ¶¶ 20-27.

On October 24, 2022, the summons and complaint were properly served upon Defendants. *See* ECF Nos. 11, 12. On January 5, 2023, Freddie Mac filed a Motion for Clerk's Entry of Default Judgment pursuant to Fed. R. Civ. P. 55(a). ECF No. 13. On January 30, 2023, the Clerk of Court entered an order of default against Defendants for failure to plead or otherwise defend this suit. ECF Nos. 15, 16. Defendants have not responded to that Order. And so, on May 9, 2023, Freddie Mac filed a Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b). ECF No. 17.

### III. LEGAL STANDARDS

#### A. Default Judgment

Rule 55 governs default judgments entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Court may enter default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). Although courts maintain "a strong policy that cases be decided on the merits," *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment is appropriate when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

In deciding whether to grant default judgment, the Court takes as true the well-pleaded factual allegations of the complaint, other than those pertaining to damages. *See Ryan v.*

*Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in this context. *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). And so, where a complaint avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment. *Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g.*, *Balt. Line Handling Co.*, 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

**IV.  ANALYSIS**

Freddie Mac's claims for reformation and declaratory judgment seek to correct an error in the Vesting Deed: (1) so that the Vesting Deed reflects that the grantor is Willie H. Murriel, in his capacity as the Sole Trustee of the Trust; (2) to clarify its rights in the Property; and (3) to clarify the validity of its lien against the Property that secured Willie Murriel and Sterlin Murriel's loan from Bank of America. *See generally*, ECF No. 1; ECF No. 17 at 5. Maryland courts have held that:

> It is a settled principle that a court of equity will reform a written instrument to make it conform to the real intention of the parties, when the evidence is so clear, strong and convincing as to leave no reasonable doubt that a mutual mistake was made in the instrument contrary to their agreement.

*In re Madeoy*, 551 B.R. 172, 176 (D. Md. 2016) (quoting *Hoffman v. Chapman*, 182 Md. 208, 210 (1943) (internal quotations omitted)); *see also In re Wilkinson*, 186 B.R. 186, 190 (Bankr. D. Md. 1995) ("The plaintiff must show that 'there has been a mutual mistake—that is, where there has been a meeting of the minds—and an agreement actually entered into, but the instrument, in its written form, does not express what was intended by the parties thereto.") (citation omitted). And so, "[n]ormally, if a court reforms a contract, the modification relates back to the date of the original transaction." *In re Madeoy*, 551 B.R. at 176.

The Federal Declaratory Judgment Act also allows federal courts to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Given this, "a declaratory judgment action is appropriate 'when the judgment will serve a useful

4

purpose in clarifying and settling the legal relations in issue and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937)) (alteration omitted). Whether to grant declaratory judgment is within the discretion of the district court. *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004).

Accepting the well pled factual allegations in the complaint in this matter as true, the Court is satisfied that reformation of the Vesting Deed is appropriate to correct a mutual mistake in the Vesting Deed, and to ensure the validity and enforceability of the Bank of America DOT. The evidence before the Court shows that all parties to the Vesting Deed intended to transfer the Property from the Trust to Willie Murriel and Sterlin Murriel, as joint tenants. ECF No. 1 ¶ 12; *see* ECF No. 1-4. But the evidence before the Court shows that Willie Murriel signed the Vesting Deed in his individual capacity, rather than as Sole Trustee of the Trust. *Id.* And so, the Property was not properly conveyed to Willie Murriel and Sterlin Murriel in 1997, as the parties intended. *See* ECF No. 1 ¶ 14. In addition, the evidence before the Court makes clear that the parties to the Bank of America DOT also intended for the deed of trust to secure Willie Murriel and Sterlin Murriel's $101,500 loan from Bank of America, as a valid and enforceable lien against the Property. *See id.* ¶ 16.

Given this, the factual allegations in the complaint indicate that the omission of Willie Murriel's signature in his capacity as Sole Trustee of the Trust on the Vesting Deed was a mistake. And so, the Court concludes that reformation of the Vesting Deed is appropriate in this case to correct this mistake. *See In re Madeoy*, 551 B.R. at 176; *see also In re Wilkinson*, 186 B.R. at 190.

Freddie Mac's request for declaratory judgment is also appropriate in this case to clarify its interest in the Property and the validity and enforceability of its lien against the Property. Under the doctrine of merger, the Trust dissolved upon Willie Murriel's death, when Sterlin Murriel became both the Successor Trustee and the beneficiary of the Trust, making Sterlin the sole fee simple owner of the Property. *See e.g.*, *Sands v. Church of Ascension and Prince of Peace*, 181 Md. 536, 541, 30 A.2d 771, 774 (1943) (explaining that a trust can only exist if the same person is not sole trustee and the sole beneficiary). Under the after-acquired property

doctrine, once Sterlin Murriel became the sole fee simple owner of the Property, the Bank of America DOT became enforceable as a lien against the Property.  *See e.g.*, *Bank of New York Mellon v. Ashley*, 2017 WL 1048213, at *5 (D. Md. March 20, 2017).  And so, a declaratory judgment stating that: (1) the Trust dissolved when Sterlin Murriel became both the beneficiary and Successor Trustee of the Trust; (2) Sterlin Murriel is the sole fee simple owner of the Property; and (3) that the Bank of America DOT is valid and enforceable, is also an appropriate remedy in this case.  *See Centennial Life Ins. Co.*, 88 F.3d at 256.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Freddie Mac's motion for default judgment.  A separate Order will follow.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge